## STEWART v. NEW ORLEANS PUBLIC SERVICE, INC.

(May 10, 1926, Opinion and Decree)

*(Syllabus by the Court)*

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 38, 42.**

When a passenger, after safely alighting from a street car falls, and is injured, there can be no recovery against the carrier. The rule, that, when a passenger is injured, the carrier is presumed to be negligent, has no application.

Appeal from the Civil District Court, Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

Action by Janie Stewart against New Orleans Public Service Inc. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Leon Levitan, of New Orleans, attorney for plaintiff, appellant.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.   Plaintiff, a colored woman of middle age, sues defendant for damages for personal injuries alleged to have been caused by a fall, which, it is claimed, was occasioned by the premature starting of a street car, owned and operated by the defendant corporation, as she was in the act of alighting therefrom. In the words of her petition—

"That, as petitioner was alighting from said car, and as she had both feet upon the rear step of said car, the conductor, in reckless disregard of petitioner's position

as aforesaid and without any warning whatever to petitioner, suddenly gave the motorman the usual signal to again start said car; and that thereupon the said motorman turned on the current and started the said car while petitioner was on the step thereof as aforesaid, and thereby caused petitioner to be thrown violently on the pavement of the lake side of Dryades street at its intersection with Clio street."

The defendant denies the allegations of negligence and avers that the fall occurred after plaintiff had alighted in safety from the car and was due to her own carelessness.

There was judgment for defendant and plaintiff has appealed.

No questions of law are involved and if the accident happened in the manner alleged by plaintiff she must recover.

We have examined the lengthy record in this case carefully and we are unable to say that the learned trial judge was in error. There is a clear preponderance of evidence in defendant's favor. It is true that two witnesses without any apparent interest in the case support the plaintiff, but these witnesses did not occupy positions of the greatest advantage at the time of the accident. They were across the street and not immediately on the scene as were the witnesses for defendant and in other respects their testimony was somewhat uncertain. But in any event the effect of their testimony was destroyed by defendant's witnesses, of equal credibility and of greater number. Nothing would be gained by a detailed discussion of the evidence consequently we content ourselves with observing that plaintiff has failed to prove the negligence with which the defendant is charged.

The rule that, when a passenger is injured, the carrier is presumed to be negligent, has no application here, as the evidence shows, that plaintiff fell, after safely alighting from the street car and, therefore, she was not a passenger when injured.